FILED
2023 May-24  PM 05:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JIM HENRY BALL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-1363-RAH-SMD |
| | ) | |
| GOVERNOR KAY IVEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMEDNATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff Jim Henry Ball, Jr.'s ("Ball") Second Amended Complaint (Doc. 25) is before the Court on review under 28 U.S.C. § 1915(e). Pursuant to that review, the undersigned concludes that Ball fails to state a claim for which relief can be granted. Because Ball has already been afforded multiple opportunities to amend his complaint, the undersigned recommends that his case be dismissed without prejudice.

## I.   PROCEDURAL HISTORY

After filing his initial Complaint (Doc. 1) in October 2021, Ball filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 3) and a Motion to Amend Complaint (Doc. 4). The original magistrate judge assigned to this case entered an order granting Ball's Motion to Amend and denying his Motion for Leave to Proceed *in forma pauperis* with leave to refile with his Amended Complaint. Order (Doc. 5).

In his Order, the Magistrate Judge gave Ball specific instructions to follow when drafting his Amended Complaint. First, the Magistrate Judge advised Ball he could not join unrelated claims against unrelated defendants in a single complaint. *Id.* at 2-3 (citing Fed.

R. CIV. P. 20(a)). Next, Ball was warned that he could not bring 42 U.S.C. § 1983 claims against private actors. *Id.* at 3. Finally, Ball was told that he should (1) comply with the pleading requirements contained in the Federal Rules of Civil Procedure; (2) name specific individuals and state how each individual violated his constitutional rights; (3) provide exact dates on which the incidents occurred; (4) state where the incidents occurred; and (5) allege sufficient facts to allow the Court to identify specific claims against each defendant. *Id.* at 3-4.

Ball's case was later reassigned to United States District Judge R. Austin Huffaker. Not. of Reassignment (Doc. 10). Shortly after reassignment, Ball filed his first Amended Complaint (Doc. 11), and Judge Huffaker referred the case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636. Order (Doc. 14).

After evaluating the docket, the undersigned entered an order explaining that, although Ball had filed an amended complaint, he had not appropriately moved for leave to proceed *in forma pauperis*. *See* Order (Doc. 17) pp. 2-3. The undersigned ordered Ball to file a renewed motion for leave to proceed *in forma pauperis* if he wished to proceed in that capacity. *Id.* at 2-3. Ball also moved to supplement his pleadings. *See* Mot. (Doc. 15). The undersigned granted the motion and ordered Ball to file a second amended complaint. Order (Doc. 17) p. 2.

Ball filed his renewed Motion for Leave to Proceed *in forma pauperis* (Doc. 19) but failed to file his second amended complaint. Because of Ball's pro se status, the undersigned afforded Ball additional time to file his second amended complaint. Order (Doc. 27). The undersigned also granted Ball's renewed Motion for Leave to Proceed *in*

*forma pauperis* and directed the Clerk of Court, should Ball file an amended complaint, to stay service of his case pending review under 28 U.S.C. § 1915(e). *Id.* Ball ultimately filed his second amended complaint, which is now before the Court on § 1915 review.

## II.    FACTUAL ALLEGATIONS

Ball alleges that Defendants Linda W. Fowler, M. Bennett, Jane Doe, V. Glass, and B. Collins were stalking him by standing in front of his house and yelling threats at him. 2d Am. Compl. (Doc. 25) p. 4. Ball asserts that Defendants G. Bennett and P. Bennett sped through a stop sign in front of his house and "crashed into his front porch and window as he ran inside [] the house[.]" *Id.* at 5. Ball alleges that after the crash, Defendants G. Bennet and Deputy Brandon Junkins ("Deputy Junkins") entered his home through the destroyed window and "chased [him] out of his backdoor[.]"[1] *Id.* Upon returning home, Ball claims that several drawers and closet doors were left open and various documents were missing. *Id.* Finally, Ball alleges that Defendants W. Roberts, II, and Shon Carter financed and promoted domestic terrorism by housing family and friends that are domestic terrorists. *Id.* at 6.

## III.    BALL'S CLAIMS & REQUESTED RELIEF

Ball alleges six claims against various named and unnamed defendants in both their official and individual capacities. *Id.* at 4-19. In each claim, Ball cites multiple statutes and constitutional amendments, making it unclear which legal theories apply to which claims.

---

[1] It is not clear from the allegations whether both G. Bennett and Deputy Junkins chased Ball out of his house, or if it was only G. Bennett.

*Id.* at 9-19. Nonetheless, the undersigned liberally construes Ball's second amended complaint to allege the following claims.

### i.   Claim 1: Procedural Due Process

Based on Ball's allegation that Deputy Junkins, who is a Jefferson County Sheriff's Deputy, composed a "false and incomplete crash report[,]" *id.* at 10, the undersigned construes Ball's first claim as a procedural due process claim under the Fourteenth Amendment and § 1983.

### ii.   Claim 2: Unlawful Search and Seizure

Ball alleges Deputy Junkins violated his due process rights pursuant to the Fourth and Fourteenth Amendments because of his "wilful and intentional unreasonable search and seizure of [his] personal property[.]" *Id.* at 11. Because Deputy Junkins is a Sheriff's deputy, and because Ball alleges an unreasonable search occurred, the undersigned construes Ball's claim as an unlawful search and seizure claim pursuant to the Fourth Amendment and § 1983.

### iii.   Claim 3: U.S. Patriot Act

Ball alleges that Deputy Junkins committed "wilful and intentional domestic terrorism[.]" *Id.* at 13. Although Ball purports to bring this claim pursuant to the Fourteenth Amendment, he also states that he has "a right not to be subjected to domestic terrorism . . . without procedural due process to Section 802 of the U.S. Patriot Act[.]" *Id.* (emphasis removed). Because Ball alleges that Deputy Junkins committed domestic terrorism and cites the U.S. Patriot Act, the undersigned construes this claim as one brought under the U.S. Patriot Act.

### iv.   Claim 4: Procedural Due Process

Ball alleges a Fourteenth Amendment due process violation against Defendant G. Bennett for "wilful and intentional deprivation of [his] home by destruction[.]" *Id.* at 14. Although Ball again cites the U.S. Patriot Act, his allegations suggest he is attempting to remedy a deprivation of his property interest in his home. Thus, the undersigned construes this as an attempted procedural due process claim pursuant to the Fourteenth Amendment and § 1983.

### v.   Claim 5: State Law Civil Stalking

Ball alleges that his "constitutional right to procedural due process to 'stalking' Title 13[a]-6-90, Ala. Code, 1975, under the Fourteenth Amendment" was violated by Defendants G. Bennett, Fowler, M. Bennett, P. Bennett, Collins, Glass, Linda, and various unnamed Defendants because they "stalk[ed] and terrorize[d] [him] in a threatening matter, without due process to Section 802 of the U.S. Patriot Act[.]" *Id.* at 16 (emphasis removed). Although Ball again cites the U.S. Patriot Act and Fourteenth Amendment, he also cites the section of the Alabama Code making first degree stalking a crime. *Id.* Further, he alleges that several Defendants were stalking him. *Id.* Accordingly, the undersigned construes this as an attempted state law civil claim pursuant to § 13a-6-90 of the Alabama Code.

### vi.   Claim 6: U.S. Patriot Act

Finally, Ball alleges that Defendants Roberts and Carter violated the U.S. Patriot Act because of their "wilful and intentional acts in complicity to promote and finance

family and friends['] domestic terrorism[.]" *Id.* at 18. The undersigned construes this as an attempt to bring a claim under the U.S. Patriot Act.

### vii. Requested Relief

In each claim, Ball requests nearly identical remedies. Namely, Ball seeks compensatory and punitive damages, attorney fees and costs, injunctive and declaratory relief to prevent retaliation by the specific defendant(s) named in the claim, and that the U.S. Department of Justice ("DOJ") investigate the specific defendant(s) for domestic terrorism. *See Id.* at 9-19.

## IV.   JURISDICTION

Federal courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs.,* 545 U.S. 546, 552 (2005). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). In 28 U.S.C. § 1331, Congress granted federal courts jurisdiction over cases that "aris[e] under" federal law. *Home Depot U.S.A., Inc. v. Jackson,* 139 S. Ct. 1743, 1746 (2019).  Courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377.

Additionally, federal courts may exercise supplemental jurisdiction over state-law claims where those claims "arise out of a common nucleus of operative fact with a substantial federal claim." *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 865 (11th Cir. 2022) (internal quotations omitted) (citing *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006); 28 U.S.C. § 1367(a)).

Here, Ball's first, second, third, fourth, and sixth claims, as construed, are all brought pursuant to federal law. Thus, the Court has federal question jurisdiction over these claims. And Ball's fifth claim, which, as construed, is brought pursuant to Alabama law, shares a common nucleus of operative facts with several of the federal claims. Accordingly, the Court has jurisdiction over Ball's claims.

## V.    LEGAL STANDARDS

Under 28 U.S.C. § 1915(e), courts are instructed to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii).

A review of a complaint under § 1915(e) begins with analyzing whether the complaint complies with the pleading standard applicable to all civil complaints filed in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its fact.").

Federal Rule of Civil Procedure 8 requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). Generally, a pleading is insufficient if it only offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquila-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. *Id.*

Generally, in pro se actions, "the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Although district courts must apply a less stringent standard to pro se plaintiffs, such "leniency does not give a court license to serve as de facto counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citation and internal quotations omitted). Accordingly, the Complaint before the Court, even if liberally construed, must minimally satisfy the requirements of Rule 8(a) to survive review under § 1915(e).

## VI.   DISCUSSION

The undersigned finds that Ball's second amended complaint is an impermissible shotgun pleading. Alternatively, even if not an impermissible shotgun pleading, the second amended complaint fails to state claims upon which relief can be granted. Thus, the

undersigned recommends that Ball's second amended complaint be dismissed without prejudice.

### a. Ball's second amended complaint is an impermissible shotgun pleading.

A "shotgun pleading" violates the "short and plain statement" requirement under Rule 8. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). The Eleventh Circuit has recognized four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint not falling into the first category, but nevertheless "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate "into a different count each cause of action or claim for relief"; and (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Regardless of the category under which it falls, fundamentally, a shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

The Eleventh Circuit shows "little tolerance for shotgun pleadings," even when the plaintiff proceeds pro se. *See, e.g.*, *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (quoting *Vibe Micro, Inc.*, 878 F.3d at 1295); *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020); *Blochowicz v. Wilkie*, 2020 WL 5028224, at *3 (S.D. Ga. Aug. 25, 2020) (noting that the court "takes a dim view of shotgun pleadings"). But

"[b]efore dismissing a complaint with prejudice on shotgun pleading grounds, the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." *Arrington*, 757 F. App'x at 797. If "the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Vibe Micro*, 878 F.3d at 1295.

Here, Ball's second amended complaint falls into the first and second categories of shotgun pleadings. In the first paragraph of each claim, Ball includes language incorporating all preceding allegations and facts. 2d Am. Compl. (Doc. 25) pp. 9, 11, 13, 14, 16, 17. Ball's repeated incorporation of facts and allegations makes it impossible to determine which facts he intends for the Court or Defendants to consider as the basis of each claim. Compounding this problem, the second amended complaint sets forth few particularized facts within each claim, and instead merely recites legal conclusions. This prevents Defendants from receiving "adequate notice of the claims against them and the grounds upon which each claim rests." *See Weiland*, 792 F.3d at 1323. Therefore, Ball's second amended complaint is an impermissible shotgun pleading and should be dismissed without leave to refile.

**b.  Ball fails to state any claim upon which relief can be granted.**

Alternatively, if this Court determines that Ball's second amended complaint is not an impermissible shotgun pleading, the second amended complaint fails to state a claim upon which relief can be granted. Specifically, Ball's six claims either (1) are replete with

legal conclusions; (2) seek improper remedies; (3) fail to allege sufficient facts; or (4) fail

as a matter of law.

### i. Ball's Claims Against Deputy Junkins

Ball asserts three claims against Deputy Junkins. The first two, as construed, are

procedural due process and illegal search and seizure claims under § 1983. The third, as

construed, is brought under the U.S. Patriot Act. Ball asserts all three claims against Deputy

Junkins in both his official and individual capacities. *See* 2d Am. Compl. (Doc. 25) p. 6.

The official capacity § 1983 claims against Deputy Junkins fail because Ball seeks

inappropriate and inadequately pleaded remedies. The individual capacity § 1983 claims

against Deputy Junkins fail because Ball has not pleaded sufficient facts to support the

claims. Ball's claim against Deputy Junkins pursuant to the U.S. Patriot Act fails as a matter

of law.

### 1. Ball's official capacity § 1983 claims against Deputy Junkins fail because the relief sought violates 11th Amendment immunity.

The Eleventh Amendment to the United States Constitution states that "[t]he

Judicial Power of the United States shall not be construed to extend to any suit in law or

equity, commenced or prosecuted against one of the United States by Citizens of another

State, or by Citizens or Subjects of any Foreign State." U.S. Const. amen. XI. Thus, the

Eleventh Amendment bars suits against a state by citizens of other states and its own

citizens. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (citing *Hans v. Louisiana*, 134 U.S.

1, 13-15 (1890)). Likewise, the Eleventh Amendment prohibits suits against state officials

where the state is the real party in interest. *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d

1326, 1336 (11th Cir. 1999); *see also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (explaining that a suit against a government official in his official capacity is considered a suit against the official's office itself). This prohibition, known as Eleventh Amendment immunity, applies whether a plaintiff seeks monetary or injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984).

An exception to Eleventh Amendment immunity exists under the *Ex Parte Young*[2] doctrine, which allows lawsuits "against state officials as long as the plaintiff[] *seek[s] only prospective injunctive relief to stop ongoing violations of federal law*." *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1215 (11th Cir. 2009) (emphasis added). The *Ex Parte Young* doctrine applies only when "a violation of federal law by a state official is ongoing[,] as opposed to cases in which federal law has been violated at one time or over a period of time in the past[.]" *Pryor*, 180 F.3d at 1337. It is inapplicable where a plaintiff seeks "to adjudicate the legality of past conduct." *Id.*

Here, Ball seeks the same three remedies under both § 1983 claims: (1) compensatory and punitive damages, as well as attorney fees and costs; (2) injunctive and declaratory relief to prevent retaliation for filing suit; and (3) that the DOJ investigate Deputy Junkins. 2d Am. Compl. (Doc. 25) pp. 10-11, 12, 13-14. These requests for relief are not available to Ball.

First, Ball cannot seek damages and fees against Deputy Junkins in his official capacity. Ball alleges that Deputy Junkins is a deputy for the Jefferson County Sheriff's

---

[2] *Ex Parte Young*, 209 U.S. 123 (1908).

Department. *Id.* at 1-2. Under Alabama law, sheriff's deputies are considered state officials and are thus immune to money damages claims brough against them in their official capacities. *See Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1527 (11th Cir. 1990).

Second, Ball's requests for declaratory and injunctive relief are improper. While the *Ex Parte Young* doctrine permits official capacity suits that seek prospective relief, that prospective relief must be requested to prevent an ongoing violation of federal law. *Pryor*, 180 F.3d at 1337 (citation omitted) ("[A] plaintiff may not use the [*Ex Parte Young*] doctrine to adjudicate the legality of past conduct."). Ball has not pleaded facts suggesting an ongoing violation of federal law or that there is a threat of a future violation; rather, he only alleges that Deputy Junkins engaged in unconstitutional conduct following a singular traffic accident that resulted in damage to Ball's home. And although the injunction Ball seeks is to prevent future retaliation, Ball's allegations do not show that this retaliation would constitute an ongoing violation of federal law. Therefore, Ball's requested injunctions and declaratory relief do not fall within the *Ex Parte Young* doctrine.

Finally, Ball's request that the DOJ investigate Deputy Junkins does not fall under the *Ex Parte Young* doctrine because it is not a request to prevent an ongoing violation of federal law.

Because Ball seeks remedies that are not available to him, his official capacity § 1983 claims against Deputy Junkins should be dismissed.

**2. Ball's individual capacity § 1983 claims against Deputy Junkins fail because Ball has not alleged sufficient facts to support the claims.**

Section 1983 "provides remedies for deprivations of rights established elsewhere." *Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 individual capacity claim, a plaintiff must show: (1) a deprivation of a federal statutory or constitutional right and (2) that the alleged deprivation was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Here, Ball has failed to allege sufficient facts to establish his § 1983 claims against Deputy Junkins. Accordingly, they should be dismissed.

### a. Procedural Due Process

Procedural due process rules are meant to protect persons from the mistaken or unjustified deprivation of life, liberty, or property. *Am. Fed'n of Lab. & Cong. of Indus. Orgs. v. City of Miami, Fla.*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quotations omitted) (citing *Carey v. Piphus*, 435 U.S. 247, 259 (1978)). A § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process. *Id.* (quotations omitted) (citing *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006)).

Here, Ball has not pleaded sufficient facts to establish that a state actor deprived him of a constitutionally protected liberty or property interest. While Ball alleges that his home was damaged by a vehicle crashing into it, he does not allege that Deputy Junkins caused the crash. Instead, he alleges Deputy Junkins was trailing behind the vehicle that caused

the crash. And despite Ball's allegations that Deputy Junkins entered his home and that certain documents were missing when he returned home following the accident and subsequent chase, he does not allege that Deputy Junkins was the one who seized those documents. Thus, to the extent any of Ball's allegations could establish a deprivation of a constitutionally protected interest, Ball has not alleged that a state actor has caused the deprivation.

But assuming, *arguendo*, that Ball's allegations could establish a deprivation of a constitutionally protected interest by a state actor, he has not alleged facts establishing constitutionally inadequate process. Ball's chief allegation is that Deputy Junkins failed to follow Alabama law and filed a false and incomplete crash report. 2d Am. Compl. (Doc. 25) pp. 7, 10. This allegation does not show constitutionally inadequate process for three reasons.

First, Ball does not allege how a false and incomplete traffic report provides insufficient process related to the interests Ball describes: interests in one's home and personal documents.

Second, because Ball alleges that Deputy Junkins acted outside of procedures mandated under Alabama law by filing a false and incomplete traffic report, and not that the law requiring the filing of traffic reports itself is inadequate, Ball must allege facts that show the inadequacy of a post-deprivation—rather than a pre-deprivation— remedy. *D.D. ex rel. Davis v. Chilton Cnty. Bd. of Educ.*, 701 F.Supp. 2d 1236, 1243 (M.D. Ala. 2010) (quoting *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (2d Cir. 1996) ("[W]hen a deprivation occurs because of unauthorized acts of state employees,

and not because of an official state procedure, 'it is nearly impossible for the state to foresee such an event in order to provide a meaningful pre-deprivation hearing.'")); *see also McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (stating "only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise"). Ball's amended complaint contains no such allegations.

Finally, Ball does not allege facts suggesting that Deputy Junkins failure to follow the state statute rises to a federal constitutional violation. At best, Ball has possibly alleged a deprivation of a protection afforded by a state statute. *Perez v. City of Opa-Locka*, 2022 WL 6646399, at *19 (S.D. Fla. Sept. 14, 2022); *see also First Assembly of God of Naples, Fla. v. Collier Cnty. Fla.*, 20 F.3d 419, 422 (11th Cir. 1994) ("[T]he violation of a state statute mandating procedure is not the equivalent of a federal Constitutional violation."); *Harris v. Birmingham Bd. of Educ.*, 817 F.2d 1525, 1527 (11th Cir. 1987) (reasoning that "[e]ven if the notice . . . is insufficient to satisfy the state statute, the state statute does not define the process due under the federal Constitution[,]" and that "even if the state statute has been violated, that does not prove a violation of a federal constitutional right").

Because Ball has failed to state a § 1983 procedural due process claim against Deputy Junkins, the claim should be dismissed.[3]

---

[3] Notably, Ball's claim is replete with conclusory language. Specifically, Ball states that his "right to procedural due process . . . was violated by [Deputy] Junkins['s] wilful and intentionally false and incomplete crash report[.]" 2d Am. Compl. (Doc. 25) p. 10. Ball includes no additional facts supporting his conclusions that the crash report was false and incomplete.

### b. Illegal search

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Police may not conduct a warrantless search in one's home absent exigent circumstances. *Payton v. N.Y.*, 445 U.S. 573, 590 (1980).

Here, Ball fails to adequately allege that a search occurred. The only well pleaded facts contained in the Complaint are: (1) Deputy Junkins and G. Bennett entered Ball's home after a car crashed into it; (2) Ball was chased out of his home; and (3) upon returning, he discovered that both Deputy Junkins and G. Bennett were gone, multiple closet doors and drawers were open, and various documents were missing. 2d Am. Compl. (Doc. 25) p. 5.[4] Ball does not allege, however, that Deputy Junkins in fact searched his closets and drawers and seized his documents. And because Ball does not adequately allege that Deputy Junkins searched his home or seized his property, he fails to allege the proper state action required under § 1983. *See Sullivan*, 526 U.S. at 49-50 (stating that a § 1983 claim must show that the alleged deprivation was committed by a person acting under color of state law). As such, Ball's § 1983 illegal search and seizure claim should be dismissed.

---

[4] Although Ball alleges that Deputy Junkins "wilfully and intentionally illegally searched and seized [his] personal property," and that Deputy Junkins violated the Fourth Amendment because he committed a "wilful and intentional unreasonable search and seizure[,]" these are legal conclusions that cannot support his claim. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").

### 3. Ball's attempted U.S. Patriot Act claim against Deputy Junkins fails as a matter of law.

Multiple courts have held that the U.S. Patriot Act does not provide for a private cause of action. *Ray v. First Nat. Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir. 2011).[5] The undersigned finds their reasoning persuasive. As such, Ball's attempted claim against Deputy Junkins pursuant to the U.S. Patriot Act should be dismissed because it does not provide a private cause of action.

### ii. Ball's § 1983 claim against G. Bennett

As previously noted, § 1983 claims can only be brought against a person acting under color of state law. *Sullivan*, 526 U.S. at 49-50. For a defendant's actions to be attributable to the state, (1) the deprivation must be caused by either the exercise of some state right or privilege, a state rule of conduct, or a person for whom the state is responsible for, and (2) the party charged with the deprivation must be a person who may be fairly considered a state actor. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (quotations omitted) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "Only in rare circumstances can a private party be viewed as a 'state actor' for [§] 1983 purposes." *Id.* For a private actor to be considered a state actor, the private actor must (1) exercise a traditionally public function; (2) act in concert with public officials; or (3) engage in conduct compelled by the state. *Id.*

---

[5] *See also Med. Supply Chain, Inc. v. Neoforma, Inc.*, 419 F. Supp. 2d 1316, 1330 (D. Kan. 2006); *Grady v. U.S. Dep't of Def of Def.*, 2017 WL 35531, at *5 (S.D. Fla. Jan. 4, 2017); *Ibn-Duriya v. Curry*, 2007 WL 1191715, at *2 (W.D. Ky. Apr. 18, 2007).

Here, Ball lists G. Bennett's job title as "mentally disable[d.]" 2d Am. Compl. (Doc. 25) p. 2. He does not allege facts suggesting G. Bennett was exercising a state right, privilege, or rule. Nor does Ball include any factual allegations suggesting that G. Bennett, as a private actor, could be considered a state actor. Accordingly, because Ball has not alleged that G. Bennett is a state actor, his § 1983 claim against him fails as a matter of law.

### iii. Ball's state law claim

Ball's fifth claim, as construed, is brought pursuant to § 13a-6-90 of the Alabama Code. Ball alleges that seven named defendants and eight unnamed defendants violated his rights by stalking him in violation of § 13a-6-90. 2d Am. Compl. (Doc. 25) pp. 7-8, 16.

First, Ball's claim cannot survive as to the unnamed Defendants because, generally, fictitious-party pleading is not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). While there is a limited exception where "the plaintiff's description of the defendant is so specific as to be[,] at the very worst, surplusage[,]" *id.* (citation and internal quotations omitted), Ball's allegations contain no meaningful descriptions of the unnamed defendants. As such, his claim against the unnamed defendants should be dismissed.

Second, Ball cannot bring the claim against the named Defendants. Section 13a-6-90 is a criminal statute for first degree stalking. Ball cannot sue the named Defendants

19

civilly under a criminal statute.[6] As such, Ball's claim for criminal stalking against the named defendants should be dismissed.

### iv.  Ball's claim against Defendants Roberts and Carter

As explained above, the U.S. Patriot Act does not provide for a private cause of action. *See Ray*, 413 F. App'x at 430. Thus, Ball's claim, as construed, against Defendants Roberts and Carter under the U.S. Patriot Act should be dismissed.

Additionally, Ball has been advised that Federal Rule of Civil Procedure 20(a) "precludes a plaintiff from joining unrelated claims against unrelated defendants in a single complaint" and that "unrelated claims against different defendants must not be combined into one lawsuit, and will not be allowed." Order to Amend (Doc. 5) pp. 2-3. Ball's claim against Defendants Roberts and Carter are unrelated to his other five claims. Indeed, Ball's other claims arise from the events surrounding a traffic accident that resulted in damage to his home. This claim, however, alleges that Defendants Roberts and Carter, whom he identifies as rappers Rick Ross and Jay-Z, are funding and promoting domestic terrorism. 2d Am. Compl. (Doc. 25) pp. 2, 18. Because this claim is unrelated to his other claims,

---

[6] Notably, § 6-5-370 of the Alabama civil code states that "[f]or any injury, either to person or property, amounting to a felony, a civil action may be commenced by the party injured without prosecution of the offender." The Alabama Supreme Court has held, however, that this statute does not create an implied private cause of action in felony criminal statutes. *See Lewis v. Fraunfelder*, 796 So. 2d 1067, 1070 (Ala. 2000) (explaining that § 6-5-370 abrogates the common law rule of "suspension," and that "[the statute] does not create a cause of action; rather, it merely allows a plaintiff to commence a civil action even if the plaintiff dose not pursue criminal prosecution of the defendant"); *see also Preskitt v. Lyons*, 865 So. 2d 424, 429 (Ala. 2003) ("§ 6-5-370 only eliminates an obtascle for plaintiffs with a valid cause of action; it does not *create*  a civil cause of action for any injury that amounts to a felony." (emphasis in original)). Thus, Ball's attempt to bring a civil claim pursuant to § 13a-6-90 is improper. *See Crooked Creek Props., Inc.*, *v. Ensley*, 2009 WL 3644835, at *7 (M.D. Ala. Oct. 28, 2009) (holding that § 6-5-370 "does not present a vehicle through which [a plaintiff] can bring claims alleging that Defendants violated state criminal statutes").

Federal Rule of Civil Procedure 20 prevents him from bringing the claim within this suit and it should be dismissed.

## VII.   CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge

RECOMMENDS that Ball's case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e). It is further

ORDERED that the parties shall file any objections to this Recommendation on or before June 7, 2023. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 24th day of May, 2023.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE